# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. LINDSEY BROOKE LOWE

**Appeal from the Criminal Court for Sumner County**
**No. 2011CR834    Dee David Gay, Judge**

---

**No. M2013-00447-CCA-10B-CD - Filed February 26, 2013**

---

## OPINION

The Appellant, Lindsey Brooke Lowe, petitions this Court for an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B, Section 2. The Appellant seeks review of the trial court's order denying her motion to recuse. After a thorough review of the petition, this Court concludes that the trial court properly denied the Appellant's motion for recusal. The order of the trial court is affirmed.

**Tenn. Sup. Ct. R. 10B; Appeal as of Right; Order of the Trial Court is Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

John Pellegrin and James J. Ramsey, for the Appellant, Lindsey Brooke Lowe.

Robert E. Cooper, Jr., Attorney General and Reporter, for the Appellee, State of Tennessee.

*Background*

The Appellant, Lindsey Brooke Lowe, has been charged with two counts of premeditated first degree murder, two counts of felony first degree murder, and two counts of aggravated child abuse relating to the deaths of her two infant children. On August 6, 2012, the Appellant filed a motion to suppress statements she gave to the police. Following a hearing on November 5, 2012, the trial court denied the motion. The Appellant subsequently sought permission to pursue an interlocutory appeal pursuant to Rule of Appellate Procedure 9, which the trial court denied by written order on December 12, 2012. The Appellant then sought permission from this Court for an extraordinary appeal pursuant to Rule of Appellate Procedure 10. This Court denied the application on January 18, 2013. In the meantime, on January 17, 2013, the Appellant filed a motion requesting the trial court

to recuse itself. The instant appeal stems from the trial court's order denying the motion to recuse. *See* Tenn. Sup. Ct. R. 10B, Section 2. The Appellant's trial in this case is scheduled to begin on March 11, 2013.

*Motion to Recuse*

Pursuant to Supreme Court Rule 10B, the Appellant filed a motion requesting the trial court to recuse itself from further participation in this case. The Appellant argued that a person of ordinary prudence in the trial judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality. The alleged grounds for recusal occurred during the hearing on the motion to suppress and the hearing on the request for an interlocutory appeal. The Appellant asserted that the trial court erroneously denied her the opportunity during the suppression hearing to question one of her experts as part of an offer of proof, even though it eventually permitted that expert's report to be introduced in support thereof. The Appellant also asserted that the trial court engaged in an argumentative exchange with another defense expert during counsel's examination.

Regarding the hearing on the request for a Rule 9 appeal, the Appellant contended that the trial court "chastised" her attorneys. The portions of the transcript from that hearing highlighted in the motion to recuse reflect that the trial court apparently disagreed with defense counsel's account of what transpired during the suppression hearing. The Appellant suggests, however, that the trial court seemed frustrated that counsel even requested an interlocutory appeal. The Appellant's motion to recuse concluded: "The cumulative effect of apparently erroneous rulings, expressions of frustration and/or anger, mischaracterization of factual matters . . ., and the apparently combative manner utilized by the Court to castigate counsel's work and position has placed these proceedings in an atmosphere of uncertainty that a fair and impartial trial can be held." The Appellant also included with her motion to recuse a sworn affidavit of her father who has apparently been present during every hearing to date and who believes a fair and impartial trial cannot be had before this trial judge.

*Trial Court's Ruling*

The trial court entered its written order denying the motion to recuse on January 29, 2013. The court notes in its order that a hearing was conducted on the motion on January 22, 2013, during which a "lengthy ruling" was rendered from the bench. The Appellant, however, did not include a copy of the transcript of that hearing with her instant petition. In its written order, after detailing some of the procedural history of this case, the trial court identified several of the comments with which the Appellant took issue during the hearing on the request for a Rule 9 appeal:

Now, before I get into this, there is something I want to take up with the attorneys here. I respect the attorneys in this case immensely. I know three of you, and Mr. Ramsey's relatively new to the practice of law – the three of you for an extremely long time as an attorney, a fellow attorney, and as a judge. And anything that any of you all represent to me, I consider truth. I consider each and every one of you upmost examples of integrity and honesty in the way that you should represent your respective interests in the criminal court.

You are leaders of your profession, but I'm going to tell you, as a father might speak to his son, sternly, that I'm disappointed in this particular pleading. The motion, Mr. Pellegrin and Mr. Ramsey, is sloppy and it's not correct. And that's why I am bringing this to your attention before we go through the argument.

The trial court then ruled on the merits of the motion to recuse:

. . . It is clear that the Court's comments were predicated by respect and were correctional and were not personal but only comments about "sloppy" work. There have been no comments directed toward the Defendant, her family, or anything else about this case other than in the context of making rulings on specific issues.

In making these rulings it should be noted that judges are not robots with monotone voices or computer voices. They are human. Attorneys should never mistake any emotion from the trial judge in making a ruling with the separate and distinct issue of allowing emotion to control the judge's application of the law. The latter is a situation that demands recusal. The former does not.

The Court notes that this case has been pending for one (1) year. The procedural history of this case has been outlined above, and it is important to note the history of this case in the context of the Court's comments to the Rule 9 Motion. There is absolutely no mention of any other basis for recusal in the entire history of this case. Further, whether one agrees with the rulings or not, the record absolutely demonstrates the trial court's fairness and impartiality in making rulings and in the management of the case. To mandate recusal under these circumstances would be a terrible precedent and a misapplication of the law.

*Issues on Appeal*

The Appellant argues that the trial court erred in concluding that a person of ordinary prudence would find no reasonable basis for questioning its impartiality. In support thereof, the Appellant contends the trial court failed to address the affidavit of her father before reaching its conclusion on the merits of the recusal motion. The Appellant also contends the trial court's failure to revisit the underlying issues regarding the suppression of her statement to the police suggests that the trial court did not properly consider her recusal request.

*Standard of Review*

As an initial matter, we address the standard by which this Court reviews petitions for recusal on appeal. Pursuant to Tennessee Supreme Court Rule 10B, Section 2.01, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. As amended, effective July 1, 2012, Tennessee Supreme Court Rule 10B, Section 2.06, directs this Court to review the appeal "on an expedited basis based upon a *de novo* standard of review." Prior to that, the appellate courts reviewed recusal decisions pursuant to the more deferential abuse of discretion standard. *See State v. Hester*, 324 S.W.3d 1 (Tenn. 2010). The timing of the motion for recusal in this case requires this Court to review the matter under the new *de novo* standard.

If this Court determines, based on the Appellant's petition and supporting documents, that an answer from the State is unnecessary, the Court may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this Court may order an answer and may also order further briefing by the parties. In addition, Section 2.06 grants this Court the discretion to decide the appeal without oral argument. Having reviewed the petition and supporting documents, the Court has determined that an answer, additional briefing and oral argument are all unnecessary, and, therefore, the Court has elected to act summarily on the appeal in accordance with Sections 2.05 and 2.06.

*Statement of the Law*

"A judge should grant a motion to recuse when the judge has any doubt as to his or her ability to preside impartially in the case *or* when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (internal quotation omitted) (emphasis added). "Hence, the test is ultimately an objective one since the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001).

-4-

A judge's duty to recuse springs from a constitutional source: Article VI, section 11 of the Tennessee Constitution provides that "[n]o Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested . . . ." The supreme court has explained that "[t]he purpose of Article 6, § 11 of our Constitution is to insure every litigant the cold neutrality of an impartial court." *Leighton v. Henderson*, 414 S.W.2d 419, 421 (Tenn. 1967). Similarly, the Code of Judicial Conduct requires a judge to perform the duties of his or her office without bias or prejudice. Tenn. Sup. Ct. R. 10, R2.3(A). Accordingly, the Code demands that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned" under the circumstances. *Id.*, R2.11(A). One such circumstance described by the Code is when "[t]he judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding." *Id.*, 2.11(A)(1).

This Court certainly acknowledges that not every bias, partiality, or prejudice merits recusal. *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). "To disqualify, prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case." *Id.* (internal quotation omitted). "If the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge. . . . However, if the bias is so pervasive that it is sufficient to deny the litigant a fair trial, it need not be extrajudicial." *Id.* (citations omitted). Further, "[a]dverse rulings by a trial court are not usually sufficient grounds to establish bias" and "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id.* (citations omitted).

Finally, "[w]hen a trial court's comments indicate that the judge has prejudged factual issues, Tennessee courts have required disqualification." *Id.* at 822. "'In the trial of any lawsuit the judge must be careful not to give an expression to any thought, or to infer what his opinion would be in favor or against either of the parties in the trial.'" *Id.* (quoting *Leighton,* 414 S.W.2d at 420). "'Beyond question it is not according to due course of law to compel a man over his protest to try his case before a judge who has already decided it, and has announced that decision in advance of the hearing. It is equally true that such a compulsion is a denial of justice.'" *Id.* (quoting *Leighton*, 414 S.W.2d at 421).

*Analysis*

Initially, we will comment on the matter of the affidavit of the Appellant's father. The Appellant relied, in part, upon her father's observations from the courtroom and his own personal opinion of the trial judge in support of her motion to recuse. Although the trial court's written order does not mention that affidavit, we do not have the benefit of reviewing

the transcript of the recusal hearing to fully learn whether the trial court considered its impact on the issue. Nevertheless, based upon our *de novo* review of the matter at hand, we reject outright the Appellant's position that her father can be treated as "a person of ordinary prudence" for the purpose of determining whether recusal is warranted in this case. Accordingly, regardless of whether or not the trial court considered the affidavit of the Appellant's father, the fact that the Appellant's father does not believe this trial judge can be fair and impartial toward his own daughter is not a reasonable basis for recusal.

The main reason the Appellant argues the trial court should recuse itself, in essence, is because of its ruling on the motion to suppress and its denial for the request for an interlocutory appeal of that ruling. This includes the procedure employed during the suppression hearing and comments made during the hearing on the Rule 9 motion. The Appellant's disagreement with the trial court's ruling, however, is not a basis for recusal. *Alley*, 882 S.W.2d at 821. Similarly, the Appellant's disagreement with the procedure employed during the suppression hearing, or even the fact that the trial court did not authorize an interlocutory appeal pursuant to Rule 9, does not warrant recusal. *Id.* The Appellant will have the opportunity to appeal the ruling on her motion to suppress the statements she gave to the police on direct appeal, if necessary.

Furthermore, while the trial judge may have spoken a little too candidly at times, we do not believe any of his comments rise to the level of creating an unfair bias or prejudice toward the Appellant or her attorneys. As this Court has recognized, "[a]ny comments made by the trial court must be construed in the context of all the facts and circumstances to determine whether a reasonable person would construe those remarks as indicating partiality on the merits of the case." *Alley*, 882 S.W.2d at 822. Accordingly, if the basis for the comments stems from what the trial court learned during trial, recusal is not required. *Id.* at 821.

Our review of the relevant transcripts leads us to conclude that the comments about which the Appellant now complains were merely expressions of disagreement by the trial court as to counsel's recitation of the facts of the suppression hearing. The trial judge emphasized that he had the utmost respect for the Appellant's attorneys, but he disputed their recollection of events. Given our review of the information provided by the Appellant, we do not perceive the trial judge's comments as reflecting any sort of a personal bias against the Appellant or counsel, and they were not so pervasive as to suggest any impartiality on the part of the judge. The trial court based its rulings on its interpretation of the facts and the law, and the Appellant will have the opportunity to challenge that ruling in the future, if necessary. However, a motion for recusal is not the appropriate means.

Despite the Appellant's argument to the contrary, it is this Court's opinion that no person of ordinary prudence in the judge's position, knowing all of the facts known to the trial judge, would find a reasonable basis for questioning the judge's impartiality based on the grounds alleged by the Appellant in her motion.

*Conclusion*

After a thorough *de novo* review of the petition and relevant authorities, and for the reasons stated herein, this Court concludes that the trial court properly denied the Appellant's motion to recuse. The ruling of the trial court is affirmed.

PER CURIAM

THOMAS T. WOODALL, JUDGE
ROBERT W. WEDEMEYER, JUDGE
JEFFREY S. BIVINS, JUDGE